UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK DEMPSEY and
KAREN DEMPSEY,

                Plaintiffs,

v.

LINCOLN BENEFIT LIFE COMPANY,

                Defendant.

CASE NO. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant Lincoln Benefit Life Company ("Lincoln Benefit"), by counsel, hereby gives notice of the removal of this action from the Court of Common Pleas of Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. Removal is proper because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. In addition to removing this matter, Lincoln Benefit specifically reserves the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. In support thereof, Lincoln Benefit states as follows:

## I. **INTRODUCTION**

1.	Plaintiffs Patrick and Karen Dempsey commenced this action against Lincoln Benefit by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Lackawanna County, Pennsylvania, on September 27, 2022.

2.	Plaintiffs then filed a Complaint on December 22, 2022, which Lincoln Benefit received on January 3, 2023.

3.	Accordingly, this Notice of Removal is timely filed within thirty days of Lincoln Benefit's receipt of the Complaint, which is the first pleading from which Lincoln Benefit could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b).

4.	The United States District Court for the Middle District of Pennsylvania is the federal district court for the district embracing the place where the state court suit is pending.

5.	Pursuant to 28 U.S.C. § 1446, a true and correct copy of all pleadings in Lincoln Benefit's possession that have been filed in the state court pertaining to the matter as of this date, including the Complaint, are attached hereto collectively as **Exhibit A.**

6.	As set forth more fully below, this case is properly removable and Lincoln Benefit invokes this Court's jurisdiction because complete diversity exists

among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## II. DIVERSITY JURISDICTION

7. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) **Generally**. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).

8. This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

the sum or value of $75,000.00, exclusive of interest and costs, and is between –

(1) citizens of different States . . .

28 U.S.C. § 1332(a).

9. Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(b) because (i) there is complete diversity between Plaintiffs and Lincoln Benefit; and (ii) the amount in controversy exceeds $75,000.00.

### A. There is Complete Diversity of Citizenship.

10. The citizenship of the real parties in interest is completely diverse.

11. The insureds, Patrick and Karen Dempsey, are citizens and residents of the State of Pennsylvania. *See* Complaint at ¶ 1; *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (explaining that citizenship is equivalent to domicile, which requires both residence and intention to remain indefinitely). The Complaint alleges that Plaintiffs currently live in Pennsylvania. *See* Complaint at ¶ 1. In 2002, when Plaintiffs applied for a Comprehensive Long Term Care policy with Lincoln Benefit, their listed address was in Pennsylvania. *See* Declaration of Daryl Sanchez at ¶ 6, which is attached hereto as **Exhibit B.** Lincoln Benefit has sent correspondence to Plaintiffs in Pennsylvania since they applied for the Policy in 2002. *Id.* As such, Plaintiffs are citizens of Pennsylvania.

12. Lincoln Benefit is now, and was at the time of the commencement of this action, a foreign corporation organized under the laws of the State of Nebraska,

16656505-1

also maintaining its principal place of business in the State of Nebraska. *Id.* at ¶ 5. For the purposes of determining the citizenship of a corporation, such as Lincoln Benefit, for diversity purposes, this Court must look to the citizenship of the state in which it is incorporated and where it maintains its principal place of business. *See* 28 U.S.C. §1332(c)(1). Defendant Lincoln Benefit is therefore a citizen of Nebraska.

13. Thus, the diversity of citizenship requirement is met in this case.

**B. The Amount in Controversy is Met.**

14. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

15. Plaintiffs' Complaint sets forth three causes of action: 1) Declaratory Judgment, 2) Breach of Contract, and 3) Bad Faith. Although Plaintiffs fail to set forth their damages with any specificity, the allegations set forth in their Complaint clearly demonstrate that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

16. Plaintiffs' Complaint alleges that Lincoln Benefit breached its contract with Plaintiffs by allegedly failing to honor the terms of the Policy and pay benefits allegedly due to Plaintiffs thereunder. *See* Complaint at ¶ 57.

17. Plaintiffs filed a claim for long-term insurance benefits under their Policy with Lincoln Benefit on September 25, 2020, seeking benefits for care provided to Mr. Dempsey dating back to 2018. *See* Complaint at ¶¶ 10-12.

Plaintiffs' Complaint specifically alleges that Lincoln Benefit failed, and continues to fail, to pay for "Home and Community Based Services" provided by a Certified Nursing Assistant ("CNA"). *See* Complaint at ¶ 29. Plaintiffs' Complaint further alleges that following Mr. Dempsey's release from in-patient rehabilitation on January 22, 2021, Mr. Dempsey began receiving "nursing care and therapy in his home on a continuing basis." *See* Complaint at ¶ 16. Additionally, Mr. Dempsey alleges he hired private caregivers, including CNAs, Licensed Practical Nurses ("LPN"), and Registered Nurses ("RN") to provide care "on a nearly 24-hours a day, 7 days a week basis." *See* Complaint at ¶ 17.

18. Plaintiffs' Policy and accompanying rider set forth that Lincoln Benefit agrees to pay the Daily Maximum Benefit Amount ("DMB") for each day that "covered services," as defined by the Policy, are received by Plaintiffs. Plaintiffs allege that the DMB for their Policy was $481.32 as of December 2020. As set forth in the Policy and accompanying rider, the DMB compounds 5% per annum. Thus, based on Plaintiffs' claim for benefits beginning January 22, 2021, it is evident from the allegations in the Complaint that this Court's jurisdictional amount in controversy requirement is met.

19. Plaintiffs allege that Lincoln Benefit wrongly refused, and continues to refuse, to pay for Home Care services provided by a CNA. As previously set forth, Mr. Dempsey alleged he hired CNAs beginning on January 22, 2021 to provide

16656505-1

home care services "on a nearly 24-hours a day, 7 days a week basis." *See* Complaint at ¶¶ 16-17. Therefore, based on the allegations set forth in Plaintiffs' Complaint Plaintiffs are claiming he should have received the DMB for nearly every single day between January 22, 2021 and December 22, 2022, the date Plaintiffs' Complaint was filed. There are 700 days between January 22, 2021 and December 22, 2022. Lincoln Benefit's records demonstrate that Lincoln Benefit paid Plaintiffs the DMB for covered services for 557 days for the period between January 22, 2021 and December 22, 2022. *See* Declaration of Daryl Sanchez at ¶ 9.

20. As such, the inference drawn from Plaintiffs' Complaint is that they are seeking the Daily Benefit for the 143 days that Lincoln Benefit did not pay Plaintiffs the DMB during that period of time. Without accounting for the 5% annual compounded increase set forth in Plaintiffs' Policy, the amount for 143 days equals $68,828.76.[1] Thus, when factoring in the 5% annual increase to the DMB and any care allegedly provided between 2018 and January 2021 for which Plaintiffs are also seeking benefits, the amount in controversy requirement is satisfied by Plaintiffs' breach of contract claim alone. *See* Declaration of Daryl Sanchez at ¶ 11.

21. Additionally, Plaintiffs' Complaint seeks attorneys' fees and punitive damages stemming from Plaintiffs' Bad Faith claim alleging, among other things,

---

[1] Additionally, based on the allegations in the Complaint, it appears Plaintiffs are also seeking coverage under the Policy for care provided back to 2018.

that Lincoln Benefit unreasonably delayed in making a determination on Plaintiffs' claim and refused to pay benefits allegedly due to Plaintiffs under their Policy in violation of 42 Pa.C.S.A § 8371. *See* Complaint at ¶ 59.

22. This Court has previously held that punitive damages on their own may provide sufficient basis for satisfying the amount in controversy requirement. *Koerner v. GEICO Cas. Co.*, No. 3:17-CV-455, 2017 WL 2180357, at *5 (M.D. Pa. May 18, 2017) (finding that Pennsylvania's Bad Faith statute makes punitive damages available to Plaintiff and that federal court jurisdiction is proper irrespective of the amount of insurance sought by Plaintiff.).

23. Although Plaintiffs' claim for punitive damages arguably satisfies this Court's amount in controversy requirement on its own, when considered in conjunction with Plaintiffs' alleged and implied actual damages at a very conservative 1:1 ratio and Plaintiffs' claimed attorneys' fees, the amount in controversy requirement is clearly met. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining [the] jurisdictional amount.").

24. A notice of removal must only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, at 87, 89 (2014). The notice of removal "need not contain evidentiary

submissions" to satisfy the amount in controversy requirement; instead, the removing party need only set forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.*

25. Therefore, based on the allegations of Plaintiffs' Complaint and the clear inferences drawn therefrom, the jurisdictional amount in controversy is satisfied. As such, Lincoln Benefit has shown by a preponderance of evidence that the amount in controversy will be satisfied and jurisdiction is proper in this Court. *Id.*; 28 U.S.C. § 1446.

### III. JURISDICTIONAL REQUIREMENTS

26. This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

27. Lincoln Benefit has not previously removed this action and has therefore sought no similar relief.

28. The United States District Court for the Middle District of Pennsylvania is the appropriate court and division embracing the place where this action is pending in state court, the Court of Common Pleas of Lackawanna County, Pennsylvania.

29. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Lincoln Benefit has filed a copy of same with the Clerk of the Court of the Court of Common Pleas of Lackawanna County, Pennsylvania, as

well as a Notice of Filing Notice of Removal. Notice of the filing of this Notice of Removal has also been served upon the Plaintiffs.

30.     Lincoln Benefit reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

### IV. ADOPTION AND RESERVATION OF DEFENSES

31.     Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of any of Lincoln Benefit's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

WHEREFORE, for the reasons stated above, Defendant Lincoln Benefit Life Company prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Court of Common Pleas

of Lackawanna County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

_____
Susan M. Dean
PA Attorney ID 75621
Rawle & Henderson LLP
1339 Chestnut Street, 16th Floor
Philadelphia, PA 19107
Telephone: (215) 575-4296
Email: sdean@rawle.com

Jennifer M. Busby (*Pro Hac Vice* Forthcoming)
420 20th St. North, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 458-5341
Email: gbusby@burr.com

*Attorneys for Lincoln Benefit Life Company*

16656505-1